1 | Marjorie A. Guymon, Esq.                                    E-filed: December 11, 2009
Nevada Bar No. 4983
2 | Email: mguymon@goldguylaw.com
Nedda Ghandi, Esq.
3 | Nevada Bar No. 11137
Email: nghandi@goldguylaw.com
4 | **GOLDSMITH & GUYMON, P.C.**
2055 Village Center Circle
5 | Las Vegas, Nevada 89134
Phone: (702) 873-9500
6 | Facsimile (702) 873-9600
Attorneys for Debtors
7 |
8 |                    UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF NEVADA
9 |
10 | In re:                                    ) BK-S-09-28339-LBR
                                              ) Chapter 13
11 | CAROLYN J. JOHNSON and                    )
MICHAEL JOHNSON,                              ) Hearing Date: January 14, 2010
12 |                                           ) Hearing Time: 2:30 p.m.
                                              )
13 |    Debtors.                               ) Trustee: Kathleen Leavitt
                                              )
14 | _____            )

15 | **MOTION FOR ORDERS DETERMINING VALUE OF REAL PROPERTY, EXTENT OF SECURED CLAIMS AND EXTINGUISHING THE LIEN OF WELLS FARGO BANK**
16 |

17 | The Debtors, Carolyn J. Johnson and Michael Johnson, (hereinafter "Debtors"), by and through

18 | counsel, Marjorie A. Guymon, Esq. of Goldsmith & Guymon, P.C., hereby move the Court for the

19 | following relief:

20 | 1.     An Order determining that the value of that certain real property commonly known as 9803

21 | Antelope Canyon Avenue, Las Vegas NV 89147 was $257,000.00 as of the date of filing;

22 | 2.     Determining that the secured claim of Wells Fargo Bank (hereinafter "Wells Fargo 1")

23 | with respect to the Real Property is senior to that of Wells Fargo Bank (hereinafter "Wells Fargo 2") and

24 | that the amount of Wells Fargo 1's secured claim exceeds the value of the Real Property;

25 | 3.     Determining that Wells Fargo 2's claim is wholly unsecured; and

26 | 4.     Finding that modification of Wells Fargo 2's claim is therefore appropriate under 11 U.S.C.

27 | §1322(b)(2), that the lien of Wells Fargo 2 is extinguished and that Wells Fargo 2 may be provided for

28 | Page 1 of 8

1  as an unsecured claim in the Debtors' Chapter 13 plan.

2  DATED: December 9, 2009.

3                                         GOLDSMITH & GUYMON, P.C.

4

5                                         By: _____
                                              Marjorie A. Guymon, Esq.
6                                             Nevada Bar No. 4983
                                              2055 Village Center Circle
7                                             Las Vegas, Nevada 89134
                                              Attorney for Debtors
8

9            **MEMORANDUM OF POINTS AND AUTHORITIES**

10                                  **I.**

11                        **BACKGROUND FACTS**

12       Debtors filed for bankruptcy protection on September 30, 2009 under Chapter 7.  On

13  December 4, 2009, Debtors converted to Chapter 13. Debtors owned and resided at Real Property.

14  According to full appraisal report, the Real Property had a value of $257,000.00.  On the date of

15  filing, the first deed of trust encumbered the Real Property in favor of Wells Fargo 1 which had a

16  balance of $319,641.00.  A second deed of trust encumbered the Real Property in favor of Wells

17  Fargo 2 which had a balance of $63,015.00.

18                                  **II.**

19                          **AUTHORITIES**

20    **AN APPRAISAL SHOWS THAT THE VALUE OF THE REAL PROPERTY WAS
          $257,000.00 AS OF THE FILING DATE.**

21

22       Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure (hereinafter "FRBP"),

23  "[t]he court may determine the value of a claim secured by a lien on property in which the estate has

24  an interest, on motion of any party in interest and after a hearing on notice to the holder of the

25  secured claim and any other entity as the court may direct ..."

26       In this case, Debtors have provided the Court with a full appraisal of the Real Property

27  showing a market value of $257,000.00.  The appraisal was completed on November 25, 2009,

28                                Page 2 of 8

1  before the conversion of this case, and was prepared by a disinterested, duly qualified expert within

2  the meaning of Fed. R. Evid. 702.  A copy of the appraisal is attached hereto as Exhibit A and

3  incorporated herein by reference.  Accordingly, Debtors request that the Court determine the value of

4  the Real Property to be  $257,000.00

5                                                              III.

6     **GIVEN THE VALUE OF THE REAL PROPERTY, THE FIRST DEED OF TRUST IS**
       **UNDERSECURED AND THE SECOND DEED OF TRUST IS WHOLLY**
7     **UNSECURED.**

8        FRBP 3012 implements Section 506(a) of the Bankruptcy Code with respect to valuation of a

9  secured claim in order to determine the extent to which it is secured and the extent to which it is

10  unsecured.  Section 506(a) provides:

11          "[a]n allowed claim of a creditor secured by a lien on property in which the estate has
            an interest,… is a secured claim to the extent of the value of such creditor's interest in
12          the estate's interest in such property,… and is an unsecured claim to the extent that
            the value of such creditor's interest … is less than the amount of such allowed claim."

13
         Additionally, section 506(d) states that, "[t]o the extent that a lien secures a claim against the
14
    debtor that it is not an allowed secured claim, such lien is void."
15
         Section 506 is a section of general applicability and a Chapter 13 case allows bifurcation of a
16
    claim into secured and unsecured portions.  Wilson v. Commonwealth Mortgage Corp., 895 F.2d
17
    123, 22 C.B.C. 561 (3rd Cir. 1990).
18
                                                              IV.
19
      **AS A WHOLLY UNSECURED LIENHOLDER, RESPONDENT'S RIGHTS MAY BE**
20    **MODIFIED UNDER 11 U.S.C. §1322(B)(2) AND IT MAY BE TREATED AS AN**
      **UNSECURED CREDITOR.**
21
         Many courts, even prior to the passage of the BAPCPA of 2005, had already held that
22
    Nobleman v. American Savings Bank, 13 S.Ct. 2106 (1993) was inapplicable when senior liens were
23
    in excess of the fair market value of the property.  Therefore, the instant case would fall outside the
24
    protection otherwise afforded by Nobleman, because claimant's lien is wholly unsecured.
25
         The passage of the Bankruptcy Reform Act of 1994 did not change the ability of lien stripping
26
    of a wholly unsecured creditor.  It merely provided that a loan which fully matured prior to the filing
27

28                                              Page 3 of  8

1   of the Chapter 13 petition, or a loan which matures during the life of the plan, may be paid through

2   the plan.  11 U.S.C. §1322(b)(2).

3          Under Nobleman, a lien cannot be stripped if any portion of the interest was secured.  Thus, by

4   implication, when a lien is wholly unsecured, it can be stripped.  Courts have consistently

5   distinguished between Nobleman and facts involving a wholly unsecured lien holder.  In fact, most

6   reported decisions have rejected the proposition that Nobleman prohibits modification of a totally

7   unsecured lien on a chapter 13 debtor's principal residence.  These Courts, along with the 9th Circuit

8   Bankruptcy Appellate Panel, interpret Nobleman to require the existence of an allowable secured

9   claim as the predicate for the protection form modification in 11 U.S.C. §1322(b)(2).

10          In the 9th Circuit Bankruptcy Appellate Panel Case, In re Lam, the Court held that:

11      "The Nobleman decision holding that section 1322(b) bars a chapter 13 plan from modifying
        the rights of holders of claims, secured only by the debtor's principal residence, does not
12      apply to holders of totally unsecured claims.  The extension of the protections of section
        1322(b) to wholly unsecured lien holders is contrary to the provisions of the bankruptcy code
13      allowing dischargeability of unsecured claims."

14
        In In re Lam, 121 B.R. 36, 41 (9th Cir. B.A.P. 1997), the Court concurred with the holding of
15
   several cases that permitted modification of secured creditor's claims that were wholly unsecured.
16
   Id., at 41.
17
        Yet another California case has a similar holding to In re Lam.  The Court in In re Geyser
18
   sustained a debtor's motion to avoid a lien brought under Bankruptcy Code Section 506(d) and held
19
   that a Chapter 13 debtor may strip off a lien on his or her primary residence when the lien holder's
20
   interest is totally unsecured, stating that:
21
22      [T]he term 'secured claim' as used in section 1322(b)(2) has the same meaning as the term
        "secured claim" in section 506(a).  Unless there is some equity to which the creditor's lien
23      attaches, there is no allowed secured claim and no entitlement to the protection against
        modification contained in section 1322(b)(2).  A chapter 13 debtor may 'strip-off' a lien on
24      his or her primary residence under the plan or under section 506(d) when the lien holder's
        interest is totally unsecured.
25

26
   In re Geyser, 203 B.R. 726, 729 (S.D. Cal. 1996).
27

28                                          Page 4 of 8

1    The Court's ruling in the case at bar should be unaffected by the landmark Supreme Court case

2  in <u>Nobleman</u>. In <u>Nobleman</u>, Justice Thomas held that Code Section 1322 (b)(2) prohibits splitting

3  an undersecured home mortgage holder's claim into its secured and unsecured portions for purposes

4  of confirmation of a Chapter 13 Plan. <u>Nobleman</u>, 13 S.Ct. 2106. Unlike the case at bar, in

5  <u>Nobleman</u>, the lien to be stripped was the holder of the first deed of trust for $71,335.00, and the

6  debtor's principal residence was worth $23,500.00. Thus, the bank's claim was at least partially

7  secured by the debtor's home.

8    Here, Wells Fargo 2's lien is not the first but the second deed of trust. Further, there can be no

9  reasonable contention that any part of the second deed of trust is secured. Thus, the facts, reasoning

10  and holding of <u>Nobleman</u> are inapplicable to this case.

11    In this case, the Real Property is Debtors' principal residence which has a market value of

12  $257,000.00. Wells Fargo 1 had a balance of $319,641.00. Thus, Wells Fargo 2's secured interest in

13  the Real Property is zero because there is absolutely no equity to which its lien could attach.

14    Because Wells Fargo 2 possesses a totally unsecured claim on Debtors' residence and it does

15  not have an allowable secured claim, Wells Fargo 2 cannot seek protection from modification under

16  11 U.S.C. §1322 (b)(2) and Debtors may modify the claim and avoid claimant's lien. Therefore,

17  Wells Fargo 2's second deed of trust should be extinguished, reconveyed, and treated as unsecured

18  for purposes of this Chapter 13 proceeding.

19                                          V.

20  **IN RE DEWSNUP IS DISTINGUISHED FROM THE LIEN STRIPPING
    REQUESTED IN THIS CHAPTER 13 CASE.**

21

22    The Chapter 7 case <u>Dewsnup v. Tim</u>, 502 U.S. 410, 112 S. Ct. 773, 116 L.Ed.2d 903 (1992)

23  has no application to this Chapter 13 case. The relevant cases are those Chapter 13 cases cited by

24  Debtors above which turn on interpretations of §1322(b)(2). Those interpretations conclude that a

25  Chapter 13 plan may modify the rights of claim holders, other those **secured** only by a security

26  interest in real property that is the Debtors' principal residence. Section 1322(b)(2), in light of

27

28                                 Page 5 of 8

Case 09-28339-lbr   Doc 38   Entered 12/11/09 15:09:10   Page 6 of 16

1 §506(a), does not preclude modification by a Chapter 13 Plan of the rights of holders of unsecured

2 claims even those of holders of deeds of trust which are completely unsecured.

3       To this end, Justice Scalia, in his dissent in <u>Dewsnup</u>, pointed out the difference between lien

4 stripping in a Chapter 7 case and lien stripping in a Chapter 13 case when he stated that,

> 5 "Respondents assume, for example, that a debtor in a Chapter 13 cannot strip down a
> mortgage placed on the debtor's home,; but that assumption may beg the very
> 6 question the Court answers today.  True, Section 1322 (b)(2) provides that Chapter 13
> filers may not "modify the rights of secured claims", that are "secured only by a
> 7 security interest in real property that is the debtor's principal residence.  But this can
> be and has been read, in light of Section 506(a), to prohibit modification of the
> 8 mortgagee's rights only with respect to the operation of his claim that is deemed
> 9 secured under the Code.  <u>See</u>, e.g., <u>In re Hart</u> 923 F.2d 1410, 1415 (CA 10 1991);
> <u>Wilson v. Commonwealth Mortgage Corp.</u>, 895 F.2d 123, 127 CA3 1990)."
> 10

11

12 <u>Dewsnup</u>, 502 U.S. 410, 428, 112 S. Ct. 773, 784.

13       In <u>Denver v. Internal Revenue Service</u>, 164 B.R. 132 (C.D. Cal. 1994), the Court held that in

14 spite of <u>Dewsnup</u>, stripping an IRS lien on a principal residence is permissible in a Chapter 11 case.

15 The Court noted that while under <u>Dewsnup</u>, Chapter 7 debtors cannot use §506 to strip liens on an

16 undersecured claim, the Supreme Court specifically reserved the question as to the applicability of its

17 ruling in <u>Dewsnup</u> to cases under the reorganization chapters.  <u>Id.</u>, at 133.  The Denver Court

18 discussed the issue of lien stripping in Chapter 13 cases and cited the 10th Circuit case of <u>In re Hart</u>

19 wherein the Court reasoned:

> 20 The dispositive issue in this case is whether Eastland's undersecured loan may be
> bifurcated into two claims by applying general principals of Section 506(a) to the
> 21 mortgage and then protecting only the secured claim by provisions of Section
> 1322(b).  We believe it can.

22

23 <u>In re</u> Hart, 923 F.2d 1410, 1413 (10th Cir. 1991).

24       After citing <u>In re Hart</u>, in <u>Denver</u> the Court went on to state:

> 25 "If Section 506 does not permit debtors to bifurcate undersecured claims and strip
> down liens to their collateral value, then all secured creditors would be freed of any
> 26 concern that debtors could reduce the amount of their liens while retaining property.
> If Congress did not intend to allow lien stripping in general in Chapter 13 cases, then
> 27 why would it bother to draft the exclusionary language of Section 1322.  As Justice

28 Page 6 of 8

1

2

Stevens' concurring opinion in <u>Nobleman</u> emphasized, the legislative history of Section 1322(b)(2) reflects Congressional desire to provide special protections to residential lenders." <u>Denver</u>, at 141.

3

4

5

Accordingly, the language of the relevant Bankruptcy Code sections and the decisions interpreting those sections warrants a finding that RESPONDENT's lien arising from the deed of trust may be extinguished and that its claim may be treated as general unsecured in Debtors' plan.

6

. . .

7

. . .

8

. . .

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VI.

## CONCLUSION

Based on the foregoing, Debtors request that the Court enter an order which:

1.      An Order determining that the value of that certain real property commonly known as 9803 Antelope Canyon Avenue, Las Vegas NV 89147 (hereinafter "Real Property") was $257,000.00 as of the date of filing;

2.      Determining that the secured claim of Wells Fargo Bank (hereinafter "Wells Fargo 1") with respect to the Real Property is senior to that of Wells Fargo Bank (hereinafter "Wells Fargo 2") and that the amount of Wells Fargo 1's secured claim exceeds the value of the Real Property;

3.      Determining that Wells Fargo 2's claim is wholly unsecured; and

4.      Finding that modification of Wells Fargo 2's claim is therefore appropriate under 11 U.S.C. §1322(b)(2), that the lien of Wells Fargo 2 is extinguished and that Wells Fargo 2 may be provided for as an unsecured claim in the Debtors' Chapter 13 plan.

DATED: December ___, 2009.

GOLDSMITH & GUYMON, P.C.

By: _____
    Marjorie A. Guymon, Esq.
    Nevada Bar No. 4983
    2055 Village Center Circle
    Las Vegas, Nevada 89134
    Attorney for Debtors

W:\MAG\Client Matters\BK Clients\Johnson 4701-1\strip lien chapter 13 motion.wpd